# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Michael Dougherty

**DEFENDANTS**
Fred Beans Holdings, Inc.; Fred Beans Automotive Group; Fred Beans Cadillac-Oldsmobile, Inc.

(b) County of Residence of First Listed Plaintiff: **Bucks County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Bucks County**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Katherine C. Oeltjen, Esq., Console Mattiacci Law, 1525 Locust Street, 9th Fl., Philadelphia, PA 19102

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*    Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [x] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. § 621, et seq. ("ADEA"); 43 P.S. § 951, et seq. ("PHRA")

Brief description of cause:
Plaintiff brings this action against his former employer for unlawful age discrimination.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** in excess of $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 1/10/2023
SIGNATURE OF ATTORNEY OF RECORD: *Katherine C. Oeltjen*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____Pipersville, PA 18947_____

Address of Defendant: _____841 N. Easton Road, Doylestown, PA 18902_____

Place of Accident, Incident or Transaction: _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 01/10/2023     *Katherine C. Oeltjen* (signature)     318037
                     *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
  *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____Katherine C. Oeltjen, Esquire_____, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[X] Relief other than monetary damages is sought.

DATE: 01/10/2023     *Katherine C. Oeltjen* (signature)     318037
                     *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Michael Dougherty | : | CIVIL ACTION |
| v. | : | |
| Fred Beans Holdings, Inc., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| 1/10/2023 | *Katheri C. Oeltjen* | Plaintiff, Michael Dougherty |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-7676 | 215-565-2859 | oeltjen@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL DOUGHERTY**<br>Pipersville, PA 18947<br><br>     *Plaintiff*,<br> v.<br><br>**FRED BEANS HOLDINGS, INC., FRED BEANS AUTOMOTIVE GROUP, and FRED BEANS CADILLAC – OLDSMOBILE, INC.**<br>841 N. Easton Road<br>Doylestown, PA 18902<br><br>     *Defendants*. | CIVIL ACTION NO.:<br><br>**COMPLAINT AND JURY TRIAL DEMAND** |

## I. INTRODUCTION

Michael Dougherty ("Plaintiff") brings claims against his former employers, Fred Beans Holdings, Inc., Fred Beans Automotive Group, and Fred Beans Cadillac – Oldsmobile, Inc. (collectively, "Defendants"), after being terminated on March 15, 2021, following a dedicated, eighteen (18)-year career. Plaintiff brings his claims pursuant to the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621, *et seq.* ("ADEA") and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and seeks all appropriate relief including back-pay, front-pay, compensatory and liquidated damages, and attorneys' fees and costs.

## II. PARTIES

1. Plaintiff is an individual and a citizen of the Commonwealth of Pennsylvania. He resides in Pipersville, PA 18947.

1

2. Plaintiff was born in 1956 and is currently sixty-six (66) years old.

3. Defendants are organized under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 841 N. Easton Road, Doylestown, PA 18902.

4. Defendants are engaged in an industry affecting interstate commerce and regularly do business in the Commonwealth of Pennsylvania.

5. At all times material hereto, Plaintiff worked out of Defendants' facilities in Pennsylvania.

6. At all times material hereto, Defendants employed twenty (20) or more employees.

7. At all times material hereto, Defendants acted by and through authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendants and in furtherance of its business.

8. At all times material hereto, Defendants were employers within the meaning of the statutes which forms the basis of this matter.

9. At all times material hereto, Plaintiff was an employee of Defendants within the meaning of the statutes which forms the basis of this matter.

### III. JURISDICTION AND VENUE

10. The causes of action which form the basis of this matter arise under the ADEA and the PHRA.

11. The District Court has jurisdiction over Count I (ADEA) pursuant to 28 U.S.C. §1331.

12. The District Court has supplemental jurisdiction over Count II (PHRA) pursuant to 28 U.S.C. § 1367.

13. Venue is proper in the District Court under 28 U.S.C. §1391(b).

14. On or about June 24, 2021, Plaintiff filed a Charge of Discrimination with the Pennsylvania Human Relations Commission ("PHRC"), which was cross-filed with the Equal Employment Opportunity Commission ("EEOC"), complaining of the acts of discrimination alleged herein. Attached hereto and incorporated herein and marked as Exhibit "1" is a true and correct copy of the Charge of Discrimination (with personal identifying information redacted).

15. On or about October 13, 2022, the EEOC issued a Dismissal and Notice of Rights for Plaintiff's Charge of Discrimination. Attached hereto and marked as Exhibit "2" is a true and correct copy of that notice (with personal identifying information redacted).

16. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

IV. **FACTUAL ALLEGATIONS**

17. Plaintiff was hired by Defendants on or about November 2, 2002.

18. Plaintiff had more than eighteen (18) years of service at Defendants.

19. Plaintiff consistently performed his job duties in a highly competent manner and received positive feedback.

20. Plaintiff was awarded Salesman of the Year for seventeen (17) years and was frequently awarded Salesman of the Month.

21. Plaintiff last held the position of Sales Representative.

22. Plaintiff last reported to John Brady, Jr. (52[1]), General Sales Manager, and Paul Pera (57), Sales Manager. Brady and Pera reported to Fred Beans, President.

23. Neither Brady nor Pera had any role in Plaintiff being hired.

---

[1] All ages herein are approximations of the individuals' current ages made to the best of Plaintiff's information and belief.

3

24. Plaintiff was the second oldest Sales Representative employee reporting to Brady and Pera.

25. Management employees, including Brady, Pera, Matt Heise (47), then Sales Manager, Virginia Krause (54), Manager, and Scott Hall (60), General Sales Manager, repeatedly asked Plaintiff when he was going to retire.

26. Plaintiff consistently stated that he had no plans to retire.

27. On March 15, 2021, in a meeting with Beans and Pera, Defendants terminated Plaintiff's employment, effective immediately.

28. Defendants provided no explanation, including the selection criteria, as to why Plaintiff was terminated. Plaintiff received no documents in connection with his termination.

29. Defendants terminated Plaintiff's employment because of his age.

30. Before the termination meeting, Plaintiff had no indication his job was in jeopardy.

31. Defendants replaced Plaintiff by hiring a substantially younger, external candidate who was approximately twenty-five (25) years old at the time, to be a Sales Representative. Plaintiff was more qualified to perform his job than the substantially younger employee with whom Defendants replaced him.

32. Plaintiff was the only employee who was terminated on March 15, 2021.

33. Defendants retained all the younger employees—many of whom were substantially younger than Plaintiff—reporting to Brady and Pera when he was terminated.

34. Defendants provided no explanation, including the selection criteria, as to why Plaintiff was terminated and the younger employees were retained.

35. At the time of Plaintiff's termination, the following Sales Representative employees were reporting to Brady and Pera. Plaintiff was more qualified than each of these employees.

    a. James Roebuck (37);

    b. Rob Ferguson (45);

    c. Sean Winder (48);

    d. Keith Hughes (52);

    e. Robert Swider (60);

    f. Paul Rosenberg (62);

    g. Lou Carpenter (65);

    h. Steve Chisak (72).

36. Defendants did not offer Plaintiff any opportunity or option to remain employed with Defendants.

37. Defendants' age discrimination against Plaintiff has caused him emotional distress.

38. Plaintiff's age was a motivating and/or determinative factor in connection with Defendants' discriminatory treatment of Plaintiff, including, without limitation, in connection with Plaintiff's termination.

39. Defendants' stated reasons for the discriminatory termination of Plaintiff is pretextual.

40. As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity,

loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

41. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory acts unless and until this Court grants the relief requested herein.

## COUNT I – ADEA

42. Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

43. By committing the foregoing acts of discrimination against Plaintiff, Defendants violated the ADEA.

44. Defendants' violations of the ADEA were intentional and willful under the circumstances, warranting the imposition of liquidated damages.

45. As a direct and proximate result of Defendants' violations of the ADEA, Plaintiff has suffered the injuries, damages, and losses set forth herein.

46. Plaintiff is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

## COUNT II – PHRA

47. Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

48. By committing the foregoing acts of discrimination against Plaintiff, Defendants have violated the PHRA.

49. Said violations were intentional and willful.

50. As a direct and proximate result of Defendants' violations of the PHRA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

51. Plaintiff has suffered, and may continue to suffer, irreparable injury and monetary damages as a result of Defendants' discriminatory acts unless and until this Court grants the relief requested herein.

## **RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants:

(a) declaring the acts and practices complained of herein to be a violation of the ADEA;

(b) declaring the acts and practices complained of herein to be in violation of the PHRA;

(c) enjoining and restraining permanently the violations alleged herein;

(d) entering judgment against Defendants and in favor of Plaintiff in an amount to be determined;

(e) awarding compensatory damages to Plaintiff to make Plaintiff whole for all past and future lost earnings, benefits, and earning capacity, which Plaintiff has suffered and will continue to suffer as a result of Defendants' discriminatory and unlawful misconduct;

(f) awarding compensatory damages to Plaintiff for past and future emotional upset, mental anguish, humiliation, loss of life's pleasures, and pain and suffering;

(g) awarding liquidated damages;

(h) awarding Plaintiff costs of this action, together with reasonable attorney's fees;

(i) awarding Plaintiff such other damages as are appropriate under the ADEA and the PHRA; and

(j) granting such other and further relief as this Court deems appropriate.

                                              **CONSOLE MATTIACCI LAW, LLC**

Dated: January 10, 2023         BY:    */s/ Katherine C. Oeltjen*_____
                                                      Katherine C. Oeltjen, Esquire
                                                        1525 Locust St., 9th Floor
                                                       Philadelphia, PA 19102
                                                       Telephone: (856) 854-4000
                                                      Facsimile: (215) 565-2852

                                                       *Attorneys for Plaintiff*

# Exhibit "1"

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

Received
JUN 24 2021
PA Human Relations Commission
Philadelphia Regional Office

## COMPLAINT

| COMPLAINANT: | |
|---|---|
| **MICHAEL DOUGHERTY** | Docket No. 202002920 |
| v. | |
| RESPONDENTS: | |
| **FRED BEANS HOLDINGS, INC.** | |
| and | |
| **FRED BEANS AUTOMOTIVE GROUP** | |
| and | |
| **FRED BEANS CADILLAC – OLDSMOBILE, INC.** | |

1. The Complainant herein is:

    Name:     Michael Dougherty

    Address:  [redacted]
              Pipersville, PA 18947

2. The Respondents herein are:

    Name:     Fred Beans Holdings, Inc.; Fred Beans Automotive Group; Fred Beans Cadillac – Oldsmobile, Inc.

    Address:  841 N. Easton Road
              Doylestown, PA 18902

3. I, Michael Dougherty, the Complainant herein, allege that I was subjected to unlawful discrimination because of my age (64), as set forth below.

**Discrimination**

    **A. I specifically allege:**

[1] I was hired by Respondents on or about November 2, 2002.

[2] I had more than eighteen (18) years of service at Respondents.

[3] My birth date is October ▮, 1956, and I am age sixty-four (64).

[4] I consistently performed my job duties in a highly competent manner and received positive feedback. I was awarded Salesman of the Year for seventeen (17) years and was frequently awarded Salesman of the Month.

[5] I last held the position of Sales Representative.

[6] I last reported to John Brady, Jr. (50[1]), General Sales Manager, and Paul Pera (55), Sales Manager. Brady and Pera reported to Fred Beans, President.

[7] Neither Brady nor Pera had any role in my being hired.

[8] I was the second oldest Sales Representative employee reporting to Brady and Pera.

[9] Management employees, including Brady, Pera, Matt Heise (45), then Sales Manager, Virginia Krause (52), Manager, and Scott Hall (58), General Sales Manager, repeatedly asked me when I was going to retire.

[10] I consistently stated that I had no plans to retire.

[11] On March 15, 2021, in a meeting with Beans and Pera, Respondents terminated my employment, effective immediately. Respondents provided no explanation,

---

[1] All ages herein are approximations.

including the selection criteria, as to why I was terminated. I received no documents in connection with my termination.

[12]     Respondents terminated my employment because of my age.

[13]     Before the termination meeting, I had no indication my job was in jeopardy.

[14]     Respondents replaced me with _____ (25), Sales Representative, an external candidate. I was more qualified to perform my job than the substantially younger employee with whom Respondents replaced me.

[15]     I was the only employee who was terminated on March 15, 2021.

[16]     Respondents retained all the younger employees—many of whom were substantially younger than me—reporting to Brady and Pera when I was terminated.

[17]     Respondents provided no explanation, including the selection criteria, as to why I was terminated and the younger employees were retained.

[18]     At the time of my termination, the following Sales Representative employees were reporting to Brady and Pera. I was more qualified than each of these employees.

       a.  James Roebuck (35);

       b.  Rob Ferguson (43);

       c.  Sean Winder (46);

       d.  Keith Hughes (50);

       e.  Robert Swider (58);

       f.  Paul Rosenberg (60);

       g.  Lou Carpenter (63);

       h. Steve Chisak (70).

[19] Respondents did not offer me any opportunity or option to remain employed with Respondents.

[20] Respondents' age discrimination against me has caused me emotional distress.

B. Based on the aforementioned, I allege that Respondents have discriminated against me because of my age (64), in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA").

4. The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

    __X__ **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection(s):** __(a)__

    _____ Section 5.1 Subsection(s) _____

    _____ Section 5.2 Subsection(s) _____

    _____ Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961, P.L. 766, as amended) Section 4 Subsection(s) _____

5. Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

    __X__ **This charge will be referred to the EEOC for the purpose of dual filing.**

6. The Complainant seeks that Respondents be required to:

(a) Make the Complainant whole.

(b) Eliminate all unlawful discriminatory practice(s) and procedure(s).

(c) Remedy the discriminatory effect of past practice(s) and procedure(s).

(d) Take further affirmative action necessary and appropriate to remedy the violation complained of herein.

(e) Provide such further relief as the Commission deems necessary and appropriate.

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

_10-24-21_
(Date Signed)

_[signature]_
(Signature)   Michael Dougherty

Pipersville, PA 18947

# Exhibit "2"

EEOC Form 161-B (01/2022)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Michael Dougherty**
**Pipersville, PA 18947**

From: **Philadelphia District Office**
**801 Market St, Suite 1000**
**Philadelphia, PA 19107**

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17F-2021-61461 | **Damon Johnson,** State, Local & Tribal Program Manager | **(267) 589-9722** |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

*Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court WITHIN 90 DAYS \*of your receipt of this Notice.\* Otherwise, your right to sue based on the above-numbered charge will be lost.*

*Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.***

Please retain this notice for your records.

On behalf of the Commission

Digitally Signed By: Karen McDonough
10/13/2022

Enclosures(s)

**Karen McDonough**
**Deputy District Director**

cc:

For Respondent
Jacqueline K Gallagher, Esq.
Three Logan Square
1717 Arch Street, Suite 3910
Philadelphia, PA 19103

For Charging Party
Emily R Derstine Friesen, Esq.
Console Mattiacci Law, LLC
1525 Locust Street, 9th Floor
Philadelphia, PA 19102